**SACO STEEL COMPANY, Plaintiff,**

v.

**SACO DEFENSE, INC. Defendant and Third–Party Plaintiff,**

v.

**Michael A. ZAITLIN, et al., Third–Party Defendants.**

**HEIDELBERG NORTH AMERICA, INC., Third–Party Defendant and Fourth–Party Plaintiff,**

v.

**HILL–LOMA, INC., Fourth–Party Defendant,**

**Health Care Corporation, Defendants.**

**Civil No. 94–311–P–C.**

United States District Court, D. Maine.

Dec. 21, 1995.

David J. Perkins, Perkins & Perkins, Portland, Maine, for Plaintiff Saco Steel Company and for Michael A. Zaitlin, et al, Third–Party Defendants.

Mark L. Haley, Constance P. O'Neil, and Laura O'Hanlon, Conley, Haley & O'Neil, Bath, Maine, for Saco Defense Inc., Defendant and Third–Party Plaintiff.

Harold J. Friedman and Martha C. Gaythwaite, Friedman & Babcock, Portland, Maine, for Heidelberg North America Inc., Third Party Defendant and Fourth–Party Plaintiff.

John M.R. Patterson, David Soley, Glenn Israel, Bernstein, Shur, Sawyer & Nelson, Portland, Maine, for Hill–Loma, Inc.

***ORDER GRANTING IN PART, AND DENYING IN PART, THIRD–PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT***

GENE CARTER, Chief Judge.

Defendant/Third–Party Plaintiff Saco Defense, Inc. sues Third–Party Defendants United Technologies Corporation, Heidelberg North America, Inc., Parker–Hannifin Corporation, and Aerospace Metals, Inc. ("Third–Party Defendants") for contribution to the liability that Saco Defense may bear under Counts I–VI and IX ("SS Counts") of Plaintiff Saco Steel's Seventh Amended Com-

plaint (Docket No. 57). Saco Defense's Amended Third–Party Complaint (Docket No. 56). Third–Party Defendants have filed a Motion for Summary Judgment. Docket No. 82. For the following reasons, we will grant Third–Party Defendants' motion as to Saco Defense's claim based on SS Count VI, will deny it as to Saco Defense's claims based on SS Counts II and IX, and will grant Saco Defense's motion voluntarily to dismiss its claims based on SS Counts I, III, IV, and V.

■ This Court has already established that Saco Steel's CERCLA claim against Saco Defense contained in SS Count IX must be for response cost recovery under § 107(a) because it cannot be for contribution under § 113(f). *See* Memorandum and Order Granting in Part, and Denying in Part, Defendant Saco Defense's Motion for Summary Judgment at Section III.A. Saco Defense risks joint and several liability under § 107(a) because Saco Defense has failed to make a strong (or, indeed, any) showing that the harm Saco Steel alleges is divisible. *Id.* Consequently, Saco Defense's liability, if any, could exceed its *pro rata* share of the harm to Saco Steel. Saco Defense is entitled, then, to seek contribution for that excess from Third–Party Defendants under § 113(f). Therefore, this Court will deny Third–Party Defendants' Motion for Summary Judgment regarding Saco Defense's CERCLA claim.

Saco Defense's claims relating to SS Counts I–VI will be disposed of as follows. Saco Defense voluntarily withdraws those claims that are based on SS Counts I and V because they may not properly be imputed to Third–Party Defendants. Saco Defense's objection to Motion for Summary Judgment (Docket No. 93) at 2–3. Saco Defense also withdraws its claims based on SS Counts III and IV because this Court has granted Saco Defense summary judgment on those Counts against Saco Steel. *Id.* at 3 n. 1.[1] *See* Memorandum and Order Granting in Part, and Denying in Part, Defendant Saco Defense's Motion for Summary Judgment at Sections III.D., III.E. Third–Party Defendants' current motion will be granted as to

Saco Defense's claim based on SS Count VI because Saco Defense cannot seek contribution toward its own contribution liability. *See* Order Granting Fourth–Party Defendant Hill–Loma's Motion for Summary Judgment at 2.

■ Third–Party Defendants' motion will be denied, however, regarding Saco Defense's claim based on SS Count II. Saco Steel's commingling of possibly contaminated turnings and cuttings from its various customers creates an indivisible harm. Liability under Maine law, as under CERCLA, for such an indivisible harm is joint and several among contributors to that harm. *See Paine v. Spottiswoode,* 612 A.2d 235, 240 (Me.1992). Because Saco Steel has not joined all potential contributors to that harm, Saco Defense may implead them in an action for contribution. Fed.R.Civ.P. 14(a). Therefore, Saco Defense's claim for contribution under Maine law is proper, and Third–Party Defendants' motion for summary judgment on this claim must fail.

Accordingly, it is *ORDERED* that Third–Party Defendants' Motion for Summary Judgment be, and it is hereby, *GRANTED* as to Saco Defense's claim that is based on Saco Steel's Count VI, and it is *DENIED* as to Saco Defense's claims that are based on Saco Steel's Counts II and IX. It is further *ORDERED* that Saco Defense's motion to dismiss those claims that are based on Saco Steel's Counts I, III, IV, and V, be, and it is hereby, *GRANTED.*

---

1. This Court will treat both these expressions of intention by Saco Defense to withdraw certain claims as motions to dismiss those claims.